**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **DAVID OTT,**<br>*on behalf of himself and all others similarly situated,*<br><br>Named Plaintiff,<br><br>v.<br><br>**NORTH AMERICAN STAMPING GROUP HOLDINGS, LLC**<br><br>&<br><br>**NASG SEATING PAULDING, LLC**<br><br>&<br><br>**JOHN DOE CORPORATIONS 1-10**.<br><br>Defendants. | Case No. 3:25-cv-2300<br><br>Judge Jeffrey J. Helmick<br><br>**JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS**

Now comes Named Plaintiff David Ott ("Named Plaintiff"), by and through undersigned counsel, *individually and on behalf of all others similarly situated*, with his First Amended Collective Action Complaint[1] against Defendants North American Stamping Group Holdings, LLC ("NASG"), NASG Seating Paulding, LLC ("NASG Paulding"), and John Doe Corporations 1-10 ("John Doe Corporations") (collectively "Defendants") for Defendants' willful failure to pay Named Plaintiff and other similarly situated employees overtime wages as well as its willful failure to comply with all other requirements of the Fair Labor Standards Act of 1938, as amended

[1] Defendant NASG Seating Paulding, LLC filed a Partial Motion to Dismiss (ECF Nos. 8-9), an Answer, and state law counterclaim (ECF No. 10) on December 23, 2025. As such, Plaintiff is filing his amended Complaint as of course pursuant to Fed. R. Civ. P. 15(a).

("FLSA"), 29 U.S.C. §§ 201, *et seq*. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. INTRODUCTION

1. The FLSA is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA requires companies such as Defendants to pay all non-exempt employees at least one-and-one-half times (1.5x) their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207.

2. Named Plaintiff brings this Collective Action Complaint to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201–19 in order to recover unpaid wages and other damages from Defendants.

3. Named Plaintiff seeks to prosecute FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (hereinafter the "FLSA Collective," as defined below).

4. Named Plaintiff and the FLSA Collective seek to exercise their rights to unpaid overtime wages and additional statutory liquidated damages in this matter (as applicable), other penalties, prejudgment and post-judgment interest (as applicable), costs and attorneys' fees

incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just as a result of Defendants' companywide unlawful pay policies/practices as more fully described below.

## II. JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. *See* 29 U.S.C. § 216(b).

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to these claims occurred in the Northern District of Ohio, and Defendant has conducted substantial business in the Northern District of Ohio.

## III. PARTIES

### A. Named Plaintiff

7. Named Plaintiff is an individual, a citizen of the United States, and a resident of the State of Ohio.

8. During the three (3) years preceding the filing of the original Complaint, Named Plaintiff has worked as an hourly, non-exempt employee for one or more Defendants.

9. Named Plaintiff's Consent to Join Form was already filed with the original Complaint, pursuant to 29 U.S.C. § 216(b) and is fully incorporated by reference herein.

### B. Defendants

10. According to the Tennessee Secretary of State records, Defendant NASG is a for-profit limited liability company formed under the laws of the State of Delaware.[2]

[2] *See* https://tncab.tnsos.gov/business-entity-search (last accessed Jan. 13, 2026).

11. Defendant NASG is a manufacturer of stampings, automated assemblies, components, systems, and aftermarket products for the automotive industry. The company specializes in seating, ride control, exhaust components, heat shields, noise, vibration, and harness (NVH) components, chassis components, structural components, and window regulators.[3]

12. In furtherance of its business, NASG operates multiple manufacturing/production facilities throughout the continental United States.[4]

13. At all times relevant, Defendant NASG has been an "employer" of Named Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. Defendant NASG Paulding is a domestic limited liability company formed under the laws of the State of Ohio.

15. NASG Paulding appears to be one of the entities NASG uses to employ hourly, non-exempt manufacturing/production employees at its Paulding, Ohio facility in furtherance of its business purpose.

16. At all times relevant, Defendant NASG Paulding has been an "employer" of Named Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. Upon information and belief, Defendants employ many hundreds of hourly, non-exempt employees, including Named Plaintiff and the FLSA Collective, in furtherance of their business purposes at multiple facilities throughout Ohio, Tennessee, and elsewhere throughout the United States.

---

[3] *See* https://nasg.net/introduction/ (last accessed Jan. 13, 2026).

[4] *See* https://nasg.net/facilities/ (last accessed Jan. 13, 2026).

18. In furtherance of its business, Defendants operate multiple manufacturing/production facilities throughout the continental United States.[5] Each facility appears to be operating under a different entity, including, but not limited to, "NASG Paulding," "NASG Ada," "NASG Tennessee North #1," "NASG Tennessee North #2," and "NASG Tennessee South," but they all operate under the "North American Stamping Group" brand listed on the NASG website, have maintained interrelated operations, centralized control of labor relations, common management and ownership, and financial control.

19. Upon information and belief, Defendants own, operate, and control all of the defendant entities and facilities, so they qualify as "employers" of Named Plaintiff and other similarly situated employees of Defendants as that term is defined by the FLSA.

20. The identities and involvement of Defendant John Doe Corporations 1-10 should be revealed as discovery progresses and can be named at that time.

21. During the relevant time period preceding the filing of the original Complaint, it is estimated that there are in excess of several hundred employees who are similarly situated to Named Plaintiff.

22. These hourly, non-exempt employees are all subject to the same or similar policies pertaining to computing hours worked and compensation.

23. At all times relevant, Defendants have been an enterprise within the meaning of 29 U.S.C. § 203(r). More specifically, Defendants perform related activities through unified operations and common control for a common business purpose.

---

[5] *See* https://nasg.net/facilities/ (last accessed Jan. 13, 2026).

24. At all times relevant, Defendants have had direct or indirect control and authority over Named Plaintiff's and the FLSA Collective's working conditions, including matters governing the essential terms and conditions of their employments.

25. At all times relevant, Defendants have exercised authority and control over Named Plaintiff and the FLSA Collective.

26. At all times relevant, Defendants have had the authority to (and currently do) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain (or is otherwise required to maintain) employee records of Named Plaintiff and the FLSA Collective.

27. At all times relevant, Defendants are an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), and their employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

28. During the preceding three (3) years, Defendants have had annual gross volume of sales made or business done of at least $500,000 (exclusive of excise taxes at the retail level that are separately stated) pursuant to 29 U.S.C. § 203(s)(1)(A)(ii).

29. As alleged herein, Defendants have applied policies and/or practices pertaining to the payment of wages, including overtime and other compensation, and timekeeping uniformly to their hourly, non-exempt employees.

30. Defendants retain ultimate authority and operational control over significant aspects of the day-to-day functions of Defendants' facilities, including supervising and controlling work schedules and conditions of employment of Named Plaintiff and the FLSA Collective.

31. At all times relevant, Defendants have had direct or indirect control and authority over Named Plaintiff's and the FLSA Collective's working conditions, including matters governing the essential terms and conditions.

32. At all relevant times, Defendants have suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendants' benefit.

33. Defendants form a single "employer" as a single integrated enterprise and/or are joint employers of Named Plaintiff and similarly situated manufacturing/production employees because they operate a chain of facilities with interrelated operations, centralized control of labor relations, common management and ownership, and financial control.

34. Because the work performed by Named Plaintiff and all other similarly situated direct care employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated manufacturing/production employees under the FLSA's definition of "employer."

35. Defendants have substantial control over Named Plaintiff's and similarly situated direct care employees' working conditions and over the unlawful policies and practices alleged herein.

36. At all times relevant, Defendants were fully aware of the fact that they were legally required to comply with federal wage and overtime laws.

## IV. <u>FACTS</u>

37. Named Plaintiff was employed by Defendants as an hourly, non-exempt employee in the positions of machinist and maintenance technician from February 10, 1994 until June 18,

2025 at one of the "North American Stamping Group's" facilities located at 810 W Gasser Rd., Pauling, Ohio 45879.

38. At all times relevant, Named Plaintiff has been an hourly, non-exempt employee.

39. In his position as an hourly, non-exempt worker, Named Plaintiff primarily performed job duties related to the manufacturing process.

40. At all times relevant, Named Plaintiff and the FLSA Collective were also hourly, non-exempt employees entitled to overtime compensation at the rate of one-and-one-half times (1.5x) their regular rate of pay for the hours they worked more than forty (40) each workweek. 29 U.S.C. § 207.

41. At all times relevant, Named Plaintiff and the FLSA Collective have been non-exempt employees within the meaning of 29 U.S.C. § 203(e).

42. At all times relevant, Named Plaintiff and the FLSA Collective have been employees engaged in commerce within the meaning of 29 U.S.C. § 207.

43. At all times relevant, Named Plaintiff and the FLSA Collective are entitled to timely paid overtime compensation at the rate of one-and-one-half times (1.5x) their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207.

44. Named Plaintiff and the FLSA Collective worked overtime hours during one or more workweek(s) during their employment with Defendants.

45. Like the other FLSA Collective members, Named Plaintiff worked more than forty (40) hours in one or more workweek(s). Defendants were aware that Named Plaintiff and the FLSA Collective worked overtime, but Defendants did not fully and properly pay them in accordance with the minimum requirements of the FLSA for all of their compensable overtime hours worked due because of the companywide policies/practices described below.

46. Defendants consistently, willfully, and intentionally failed to pay Named Plaintiff and the FLSA Collective for all hours, including overtime hours, worked at the statutory overtime rate required. 29 U.S.C. § 207.

47. Defendants pay Named Plaintiff and the FLSA Collective on a weekly basis.

**(Defendants' Failure to Pay for All Overtime Hours Worked Due to Time Rounding)**

48. Defendants' timekeeping policies and practices do not Named Plaintiff and other similarly situated production/manufacturing employees for all time that they are clocked in ("Time Rounding Policy"). Instead, Defendants rounded Named Plaintiff's and other similarly situated production/manufacturing employees' time punches pursuant to their Time Rounding Policy.

49. The Time Rounding Policy was unlawful because it systematically rounded Named Plaintiff's and other similarly situated production/manufacturing employees' time worked down in Defendants' favor.

50. In particular, Defendants require their hourly, non-exempt production/manufacturing employees to clock in and out each day using a centralized timekeeping system that records exactly when an employee clocks in and out each day to keep track of their work hours.

51. After Named Plaintiff and other manufacturing/production workers clock in for the workday, they immediately begin performing pre-shift work, preparatory, and other job duties that are integral and indispensable to their production/manufacturing job duties.

52. Despite utilizing a timekeeping system that records the exact time when an employee clocks in/out each day, Defendants' Time Rounding Policy failed to pay for all hours worked.

53. Defendants have maintained and applied their Time Rounding Policy to systematically round employees' compensable work time down in Defendants' favor. Defendants' Time Rounding Policy results in a failure to compensate its employees for all the time they actually worked, in violation of the FLSA.

54. Defendants' joint failure to compensate Named Plaintiff and other similarly situated production/manufacturing employees, as set forth above, has resulted in unpaid overtime.

55. Defendants' Time Rounding Policy, as alleged herein, has denied Named Plaintiff and those similarly situated production/manufacturing employees compensable overtime hours and compensation to which they were entitled because workers perform job duties before the scheduled "start" of their shifts and beyond the scheduled "end" of their shifts, but the Time Rounding Policy systematically rounds in Defendants' favor.

56. Defendants' policies described herein resulted in unpaid overtime for Named Plaintiff and other similarly situated hourly production/manufacturing employees.

57. During relevant times, Defendants have known of and acted willfully regarding their conduct described herein. Defendants knew or had reason to know that Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours worked as described herein.

58. The FLSA requires Defendants to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

59. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime

compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

60. Defendants kept records of hours worked or otherwise had the ability to accurately track hours worked through Defendants' hardware, software, and/or systems, by Named Plaintiff and other similarly situated hourly production/manufacturing employees.

61. However, because of Defendants' policies and practices described herein, Defendants failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and other similarly situated hourly production/manufacturing employees.

62. Defendants willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes. Defendants' failure to pay overtime at the correct rate and pay all overtime hours worked because of the Time Rounding Policy had the direct effect of reducing Defendants' labor costs to the detriment of Named Plaintiff and other similarly situated hourly production/manufacturing employees.

63. Defendants willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

64. Upon information and belief, Defendants have applied these same policies to all of its hourly, non-exempt production/manufacturing employees.

65. As a result of Defendants' companywide policy and/or practice of rounding its employees' hours worked consistently to their detriment, Defendants knew or had reason to know that they were not compensating Named Plaintiff and other similarly situated production/manufacturing employees for all hours worked.

66. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201–219 and resulted in the unlawful deprivation of wages of Defendants to the detriment of Defendants' employees, including Named Plaintiff and the FLSA Collective.

## V. COLLECTIVE ACTION ALLEGATIONS

### A. FLSA Collective Action for Unpaid Overtime Wages

67. Named Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct as described herein.

68. The "FLSA Collective" to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as follows:

> **All of Defendants' current and former hourly production/manufacturing employees who were paid for 40 or more hours during one or more workweek(s) and who were subject to Defendants' Time Rounding Policy, beginning three (3) years preceding the filing of the original Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").** [6]

69. Such persons are "similarly situated" with respect to Defendants' FLSA overtime violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation at the correct regular rate of pay, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

[6] Named Plaintiff reserves the right to amend the definition of to whom he seeks to have provided with Court-authorized notice based upon further investigation and discovery.

70. Named Plaintiff and the members of the FLSA Collective, having willfully not been paid at least the federal overtime wage for the overtime hours they worked for Defendants pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

71. Named Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations in one or more workweek(s) during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all owed federal overtime wages.

72. Named Plaintiff and the members of the FLSA Collective have been damaged by Defendants' willful failure to pay overtime wages for all overtime hours worked. As a result of Defendants' willful FLSA violations, Named Plaintiff and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including but not limited to unpaid wages, liquidated damages, costs, and attorneys' fees.

73. Throughout his employment with Defendants, Named Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendants that led to less overtime wages paid than overtime hours worked as were other members of the FLSA Collective.

74. Named Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf as well as his own.

75. This action is brought pursuant to 29 U.S.C. § 216(b) of the FLSA and seeks unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former non-exempt employees are similarly situated regarding their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

76. Issuing notice to the FLSA Collective pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and allowing them to "opt in" to the same.

77. Named Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendants. For the purposes of notice and other things related to this action, the FLSA Collective's names, mailing addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA and decisional law.

78. Court-supervised notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendants satisfied the FLSA's requirements for payment of statutory overtime wages.

79. Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b)—by Court order—is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and allowing them to "opt in" to the same.

80. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

81. The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendants that it was required to maintain pursuant to the FLSA. Named Plaintiff cannot yet state the exact number of similarly situated persons, but avers, upon information and belief, that the group of potential members of the FLSA Collective consists of approximately several hundred or more persons.

## VI. CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME COMPENSATION)

82. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

83. This claim is brought as a collective action by Named Plaintiff on behalf of himself and other members of the FLSA Collective against Defendants, which is comprised of individuals who may join this case pursuant to 29 U.S.C. § 216(b).

84. The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

85. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Collective.

86. Named Plaintiff and the FLSA Collective were non-exempt employees.

87. During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Collective worked more than forty (40) hours in one or more workweek(s), but they were not fully paid for all overtime compensation as a result of one or more of Defendants' policies and/or practices as alleged above.

88. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to pay overtime premium for all hours worked over forty (40) hours in a workweek because of Defendants' companywide policies and/or practices described herein.

89. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective are entitled.

90. The exact total amount of overtime compensation that Defendants have failed to pay Named Plaintiff and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are believed to be in Defendants' possession.

91. Defendants knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the FLSA Collective overtime compensation. Defendants' deliberate failure to pay overtime compensation to Named Plaintiff and the FLSA Collective was neither reasonable nor in good faith. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

92. As a result of Defendants' willful violations of the FLSA, Named Plaintiff and the FLSA Collective were injured in that they did not receive all wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## VII. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Named Plaintiff respectfully prays that this Honorable Court:

A. Promptly order Defendants to provide all relevant policies and procedures regarding timekeeping and compensation as well as all payroll, remuneration, timekeeping, and related records necessary to determine similarly situated individuals;

B. Promptly order Defendants to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the FLSA Collective;

C. Issue Court-approved notice to similarly situated persons, informing them of this action and their ability to opt in and become part of the FLSA Collective, as well as enabling them to join;

D. Toll the statute of limitations for all members of the FLSA Collective from the date on which this matter was initially filed until the date on which they file consents to join;

E. Find that Defendants' wage and hour policies and/or practices, as alleged herein violate the FLSA;

F. Enter judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

G. Enter judgment against Defendants for damages for all unpaid compensation owed to Named Plaintiff and the State Law Class during the applicable statutory period and continuing through trial;

H. Enter judgment against Defendants for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

I. Award to Named Plaintiff and the FLSA Collective unpaid overtime compensation as to be determined at trial, together with any liquidated damages;

J. Award to Named Plaintiff and the FLSA Collective prejudgment interest, post-judgment interest, and an award of damages representing Defendants' employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

K. Award to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

L. Award to Named Plaintiff and the FLSA Collective attorneys' fees required for prosecution of this action, expert fees, and reimbursement of all costs and expenses;

M. Grant Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

N. Declare judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

O. Award such other and further relief as this Court may deem equitable, necessary, just, or proper.

Respectfully submitted,

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
**Bryant Legal, LLC**
4400 N. High St., Suite 310
Columbus, Ohio 43214
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

Esther E. Bryant (0096629)
**Bryant Legal, LLC**
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: ebryant@bryantlegalllc.com

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Tristan T. Akers (0102298)
**Coffman Legal, LLC**
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and other members of the proposed FLSA Collective*

## **JURY DEMAND**

Named Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Daniel I. Bryant*
Daniel I. Bryant

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2026, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman